**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

**CIVIL ACTION NO. 5:26CV-P145-CRS**

**ANTHONY CAIN** **PLAINTIFF**

**v.**

**GOV. ANDY BESHEAR, *et al.*** **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Anthony Cain filed the instant *pro se* prisoner 42 U.S.C. § 1983 action. The matter is before the Court on an initial review of the amended complaint [DN 6] pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss some claims and allow other claims to proceed.

**I.**

In his handwritten original complaint [DN 1], Plaintiff sued Governor Andy Beshear, the United States Government, the State of Kentucky, the United States Court Clerk at Paducah, State of Kentucky Department of Corrections Inspector, the Calloway County Jail ("CCJ"), Sheriff Knicky Knight, and Department of Corrections Commissioner Cookie Crews. The Clerk of Court issued a notice of deficiency because the complaint was not on a court-approved form. [DN 5].

On June 11, 2026, the Court received Plaintiff's amended complaint on a court-approved form suing the following Defendants in their individual and official capacities: Governor Andy Beshear, CCJ, CCJ Officer Taylor Black, CCJ Officer Billy Ray Wilcher, CCJ Officer Bryce Vanderbrook, Inmate Galloway, Inmate Mathis, CCJ Officer Amanda Weatherford, and Calloway County Judge Executive Kenny Imes. [DN 6].

Because "[a]n amended complaint supersedes an earlier complaint for all purposes," *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013), the amended complaint supersedes, or replaces, the original complaint. Because Plaintiff did not sue the United States Government, the United States Court Clerk at Paducah, the State of Kentucky Department of Corrections Inspector, Sheriff Knicky Knight, and Department of Corrections Commissioner Cookie Crews in his amended complaint, the Plaintiff has abandoned his claims against them. **IT IS ORDERED** that these Defendants are **DISMISSED** from the action. **The Clerk of Court is DIRECTED to terminate these Defendants.**

**II.**

Plaintiff was a pretrial detainee at CCJ at the time pertinent to the events alleged. As stated above, Plaintiff sues Governor Andy Beshear, CCJ, CCJ Officer Taylor Black, CCJ Officer Billy Ray Wilcher, CCJ Officer Bryce Vanderbrook, Inmate Galloway, Inmate Mathis, CCJ Officer Amanda Weatherford, and Calloway County Judge Executive Kenny Imes in their individual and official capacities.

Plaintiff alleges that he was sexually assaulted by Defendant Black and sexually harassed by Defendants Mathis and Galloway, inmates at CCJ. Plaintiff states that Defendants are violating PREA by providing no outside investigations, no PREA signs, no PREA hotline numbers, no posters by phones or in the building as required by PREA, and no mental health counseling for PREA victims. The exhibits attached to Plaintiff's amended complaint reflect that in June 2026, Plaintiff reported to Defendants Wilcher, Vandenbrook, and Weatherford that Defendant Galloway was sexually harassing everyone in the cell. In response to this report, Plaintiff alleges that these Defendants, Defendant Black, and non-Defendant Sergeant Swope filed a fraudulent disciplinary report against Plaintiff for the PREA accusation. [DN 6-1].

Plaintiff represents that jail officials have been talking with Defendant Imes about all the cases that Plaintiff has filed and that Defendant Imes has in turn spoken with Defendant Beshear. According to Plaintiff, "they have decided to kill me" by denying "my life sustaining meds & diabetic meals & proper diabetic diet." Plaintiff maintains that Defendants are acting with deliberate indifference to his health, safety, and serious medical needs. Plaintiff further contends that Defendant Black is holding him in a segregation cell, denying his proper diabetic diet and trays, and denying his diabetic medicine and his pain medication for a spinal cord injury.

Plaintiff asserts that Defendants are acting as agents of Calloway County, are violating his First through Fourteenth Amendment rights, and are liable under *Monell*. Plaintiff further maintains that Defendants have a policy to protect and serve, to provide medical care, and to provide a safe environment; however, Plaintiff contends that Defendants "have not [done so] and [the] violation of their policy is the moving force behind [his] injur[ies]."

Plaintiff also alleges that Defendants are denying him access to the tablet and law library.

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of a "pardon of all charges."

**III.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**IV.**

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Official-Capacity Claims

#### 1. CCJ and Official-Capacity Claims against County Defendants

CCJ is not a "person" subject to suit under § 1983 because county and municipal departments, such as detention centers and jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 238 F.3d 422, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, Calloway County is the proper defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). The Court therefore will construe the claims against Defendant CCJ as claims brought against Calloway County. *See Matthews v. LMPD*, No. 3:19-CV-P581-RGJ, 2019 WL 5549209, at *2 (W.D. Ky. Oct. 25, 2019).

Plaintiff sues Defendants Black, Wilcher, Vanderbrook, Weatherford, and Imes in their official capacities. "Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claims against these Defendants are actually against their employer, Calloway County.

"[A] municipality cannot be held liable solely because it employs a tortfeasor." *Monell*, 436 U.S. at 691. When a § 1983 claim is made against a municipality or county, such as Calloway County, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality or county as an entity is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality or county cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.

*Monell*, 436 U.S. at 691. The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Here, while Plaintiff states that he is making a *Monell* claim against Calloway County, Plaintiff does not allege that a policy or custom of Calloway County was the moving force behind the alleged constitutional violations. Instead, he states that Defendants have a policy to protect and serve, to provide medical care, and to provide a safe environment for inmates. Plaintiff complains that despite this policy, Defendants "have not [done so] and [the] violation of their policy is the moving force behind [his] injur[ies]." Essentially, Plaintiff alleges that his rights to personal safety and proper medical care were violated because staff at CCJ *failed* to follow the policies and procedures in place there. "[A] government entity is liable only for injury stemming from a policy of that entity, not from an individual aberration or isolated act." *Andrade v. Cnty. of San Diego*, No. 14-CV-1330-GPC-BGS, 2015 WL 13738298, at *8 (S.D. Cal. Aug. 18, 2015). Accordingly, the Court will dismiss these claims against CCJ and against Defendants Black, Wilcher, Vanderbrook, Weatherford, and Imes in their official capacities.

**2. Official-Capacity Claim against Defendant Beshear**

Plaintiff sues Defendant Beshear in his official capacity. As stated above, "[o]fficial-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Graham*, 473 U.S. at 165 (quoting *Monell*, 436 U.S. at 690 n.55). Defendant Beshear is a state official. Claims brought against state employees or officials in their official capacities are no different from a suit against the Commonwealth of Kentucky. *See id.* State officials sued in their official capacities for monetary damages are not "persons" subject to

suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks damages from a state employee in his official capacity, Plaintiff fails to allege cognizable claims under § 1983. *See id.* Further, the Eleventh Amendment acts as a bar to claims for damages against state employees or officers sued in their official capacities. *Graham*, 473 U.S. at 169.

Therefore, Plaintiff's official-capacity claim against Defendant Beshear for monetary damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a Defendant immune from such relief.

**3. Official-Capacity Claim for Injunctive Relief against all Defendants**

To the extent that Plaintiff wishes to challenge his state-court convictions or sentences by asking for release from imprisonment, he may only do so through a petition for writ of habeas corpus. "A state prisoner's immediate or speedier release from incarceration is available only under § 2254, not § 1983." *Sisson v. Commonwealth of Ky.*, No. 4:10CV-P7-M, 2010 WL 715840, at *2 (W.D. Ky. Feb. 24, 2010); *Faron v. Hardin Cnty. Att'y*, No. 3:18-CV-P228-RGJ, 2018 WL 6438366, at *2 (W.D. Ky. Dec. 7, 2018).

Furthermore, in as much as Plaintiff is requesting Governor Beshear grant him a pardon, Plaintiff has no constitutionally protected right to receive a pardon. *Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 465 (1981); *Church v. State of Tenn.*, 872 F.2d 1024 (6th Cir. 1989); *Burnett v. Fallin*, 785 F. App'x 546, 553 (10th Cir. 2019) ("But neither [plaintiff] nor any other prisoner has a constitutional right to receive clemency, a pardon, or parole.").

Therefore, Plaintiff's official-capacity claim for injunctive relief will be dismissed for failure to state a claim upon which relief may be granted.

**B. Individual-Capacity Claims**

**1. Defendants Beshear and Imes**

Plaintiff alleges that the Governor and the Calloway County Judge Executive are named in the suit because jail officials have been talking with Defendant Imes about all the cases Plaintiff has filed and that Defendant Imes has spoken with Defendant Beshear. According to Plaintiff, "they have decided to kill me" by denying "my life sustaining meds & diabetic meals & proper diabetic diet."

In as much as Plaintiff implies that Defendants Beshear and Imes are involved in the denial of his medication and proper diabetic diet, Plaintiff offers no facts or information regarding how these Defendants personally deprived Plaintiff of medicine and food. These allegations are entirely conclusory and too lacking in factual specificity to support a claim. Without more facts, the allegation amounts to a "'naked assertion' devoid of 'further factual enhancement[,]'" which is insufficient to survive initial review. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Moreover, to the extent Plaintiff alleges that Defendants Beshear and Imes are responsible because they are the Governor and the Judge Executive, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80–81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (emphasis in original)). Supervisory liability "must be based on active unconstitutional behavior and cannot

be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)); *see also Stone v. Burkhead*, No. 1:22-CV-P113-GNS, 2022 WL 17488707, at *5 (W.D. Ky. Dec. 7, 2022). As Plaintiff fails to demonstrate any active unconstitutional behavior committed by Defendants Beshear and Imes, Plaintiff's claims against these Defendants will be dismissed for failure to state a claim upon which relief may be granted.

**2. Defendants Galloway and Mathis**

Section 1983 does not create a cause of action against a private actor "'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Private parties may be held liable under § 1983 only if they are "state actor[s]" that operated under "under color of law" such that their "private conduct is fairly attributable to the state." *Moldowan v. City of Warren*, 578 F.3d 351, 399–400 (6th Cir. 2009). Here, Defendants Galloway and Mathis must be dismissed from this § 1983 action because Plaintiff fails to allege facts showing that the conduct of these fellow inmates in assaulting or harassing him at CCJ was taken under color of state law. *Means v. Brown*, No. 4:14CV-P32-M, 2014 WL 5439293, at *2 (W.D. Ky. Oct. 22, 2014) (citing *Nobles v. Brown*, 985 F.2d 235 (6th Cir. 1992) and *Butler v. Jenkins*, 450 F. Supp. 574 (E.D. Tenn. 1978)). Thus, Defendants Galloway and Mathis are not subject to suit under § 1983, warranting dismissal of the § 1983 claim against them for failure to state a claim upon which relief may be granted.

### 3. Defendants Black, Wilcher, Vanderbrook, and Weatherford

#### *a. Sexual Assault*

Upon consideration, the Court will allow a claim for excessive force in violation of the Fourteenth Amendment based on the alleged sexual assault to proceed against Defendant Black in his individual capacity.

#### *b. Retaliation*

Retaliation for the exercise of a constitutional right is itself a violation of the First Amendment actionable under § 1983. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc) (per curiam). The exhibits attached to Plaintiff's amended complaint reflect that in June 2026, Plaintiff reported to Defendants Wilcher, Vandenbrook, and Weatherford that Defendant Galloway was sexually harassing everyone in the cell. In response to this report, Plaintiff alleges that these Defendants, along with Defendant Black, filed a fraudulent disciplinary report against Plaintiff for the PREA accusation. [DN 6-1]. Upon consideration, the Court will allow Plaintiff's claim for retaliation to proceed against Defendants Wilcher, Vandenbrook, Weatherford, and Black in their individual capacities.

#### *c. Deliberate Indifference to Serious Medical Needs*

Pretrial detainees have a right to adequate medical care under the Fourteenth Amendment. "An officer violates that right if that officer shows deliberate indifference to [a pretrial detainee's] serious medical needs[.]" *Hyman v. Lewis*, 27 F.4th 1233, 1237 (6th Cir. 2022) (internal citations and quotation marks omitted); *Gist v. Trinity Servs. Grp.*, No. 3:22-CV-P270-CHB, 2023 WL 2531735, at *4 (W.D. Ky. Mar. 15, 2023). Construing the amended complaint broadly, as the Court is required to do, the Court will allow Plaintiff's Fourteenth Amendment deliberate-

indifference-to-serious-medical-need claims to proceed against Defendants Wilcher, Vandenbrook, Weatherford, and Black in their individual capacities.

***d. PREA Violations and Investigation***

Courts have recognized that an alleged failure to investigate a PREA complaint does not state a constitutional claim. *See, e.g.*, *Williams v. Guester*, No. 1:22-CV-984, 2023 WL 1813393, at *10 n.8 (W.D. Mich. Feb. 8, 2023) (dismissing due process claims based upon prison officials' alleged failure to investigate a PREA complaint); *Miles v. Mitchell*, No. 3:18-CV-P116-CRS, 2018 WL 5929643, at *5 (W.D. Ky. Nov. 13, 2018) (dismissing a PREA failure-to-investigate claim finding that "an inadequate investigation fails to state a constitutional violation because private citizens have no constitutional or federal statutory right to compel the investigation of another person") (citing, *inter alia*, *Diamond v. Charles*, 476 U.S. 54, 64–65 (1986)); *see also Bracy v. Tully*, No. 1:22-CV-827-RDA-WEF, 2022 WL 3229325, at *3–4 (E.D. Va. Aug. 10, 2022) (holding there is "no freestanding constitutional right" to an investigation into a PREA complaint under § 1983) (citation omitted) (collecting cases).

Moreover, courts including this one have found that the PREA does not create a private cause of action. *See, e.g.*, *Simmons v. Solozano*, No. 3:14CV-P354-H, 2014 WL 4627278, at *4 (W.D. Ky. Sept. 16, 2014) ("[T]he PREA creates no private right of action."); *Shaver v. Raymiller*, No. 25-11475, 2025 WL 2448471, at *2 (E.D. Mich. Aug. 25, 2025) (citing cases); *Peterson v. Burris*, No. 14-CV-13000, 2016 WL 67528, at *2 (E.D. Mich. Jan. 6, 2016) ("Numerous Courts that have addressed this issue have determined that the PREA provides no private right of action to individual prisoners.") (citing cases).

As a result, Plaintiff's claims related to his PREA reports and alleged lack of investigation will be dismissed for failure to state a claim.

***e. Denial of Access to the Courts***

Prisoners have a constitutional right of meaningful access to the courts under the First Amendment. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). Meaningful access to the courts under the First Amendment will vary with the circumstances, and officials are to be accorded discretion in determining how that right is to be administered. *Id.* at 830–31; *John L. v. Adams*, 969 F.2d 228, 233–34 (6th Cir. 1992). To state a claim for a denial of access to the courts, a prisoner must demonstrate actual prejudice to pending litigation that challenges his conviction or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996). That is, Plaintiff must plead actual injury, and no actual injury occurs without a showing that a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Id.* at 356; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (stating that an inmate must show, "for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim").

Plaintiff alleges no actual injury to his pending litigation. Therefore, Plaintiff's access-to-the-courts claim must be dismissed for failure to state a claim.

**V.**

For the reasons set forth above, **IT IS ORDERED** that the official-capacity claims against all Defendants, the claims against the Calloway County Jail, and all claims against Defendants Andy Beshear, Kenny Imes, Galloway, and Mathis are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for the reasons set forth above.

Because no claims remain against them, the **Clerk of Court** is **DIRECTED** to **terminate Defendants Andy Beshear, Kenny Imes, Galloway, and Mathis as parties to this action**.

The Court will enter a separate Service and Scheduling Order to govern the development of the claims the Court has allowed to proceed. In allowing the claims to proceed, the Court passes no judgment on their merit or ultimate outcome.

Date: November 21, 2026

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
4411.014